IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLORIA A. SNYDER, Individually and Executrix of the Estate of Michael J. Snyder, Deceased,<br>　　　　Plaintiff,<br><br>　　v.<br><br>TILLER WELL SERVICES, LLC, t/d/b/a TWS TRUCKING, OCTANE TRUCKING, LLC, WIRECO WORLDGROUP, INC, t/d/b/a WRCA, INC., NOMAC SERVICES, LLC, PHILLIP A. HULL, PATTERSON UTI DRILLING COMPANY LLC, and MID-EAST TRUCKING & TRACTOR SERVICE, INC.,<br>　　　　Defendants. | Civil Action No. 19-179 |

## ORDER

Presently before the Court is the Motion to Dismiss of Defendant WireCo WorldGroup, Inc. ("WireCo"). (ECF No. 140.) For the reasons that follow, although the sanction of dismissal sought by WireCo will be denied, sanctions are nonetheless appropriate and will be imposed.

By way of background, on June 12, 2020, and again on June 18, 2020, WireCo contacted Plaintiff regarding its request that she supplement her responses to certain of WireCo's discovery requests.

When WireCo did not receive any response from Plaintiff to either communication, it moved to compel supplemental responses to certain discovery requests. (ECF No. 132.) The Court entered an order (ECF No.133) directing Plaintiff to respond to WireCo's motion by July 1, 2020. Plaintiff failed to respond to the motion to compel or take any other action to resolve this issue. Therefore, on July 8, 2020, the Court issued an order granting the motion to compel and directing

Plaintiff to provide full and complete responses to the requested discovery by July 17, 2020. Plaintiff failed to comply with this order.

WireCo's instant motion was subsequently filed on July 31, 2020. (ECF No. 140.) While styled as a motion to dismiss, it seeks dismissal as a discovery sanction pursuant to Fed. R. Civ. P. 37. WireCo noted that Plaintiff neither served supplemental responses nor otherwise attempted to comply with the Court's order. Further, Plaintiff offered no explanation as to why she failed to do so. WireCo asserted that it has sustained prejudice as a result of Plaintiff's failure to comply with the Court's orders and produce the requested discovery because it is unable to develop its defenses and a factual record. Therefore, it argued, dismissal of Plaintiff's claims against it is an appropriate sanction.

The Court then ordered that responses to WireCo's Motion to Dismiss be filed by August 12, 2020. (ECF No. 141.) Once again, Plaintiff failed to respond by the deadline that was imposed. Rather, on August 13, 2020, a day after the deadline imposed by the Court, Plaintiff filed a response to the motion to dismiss which attached amended discovery responses that apparently were served on WireCo that day. Notably, this is nearly a month after she was ordered to do so. Moreover, Plaintiff offered no explanation regarding her failure to respond to WireCo's efforts to discuss this issue, her failure to respond to WireCo's motion to compel, or her failure to comply with the Court's orders.

Subsequently, WireCo sought and received leave to file a Reply in support of its Motion to Dismiss. WireCo now asserts that given Plaintiff's repeated and unjustified failures to respond to its motions or the Court's orders, her belated response should be stricken and its motion to dismiss should be granted. It also notes that Plaintiff's "amended" answers to WireCo's discovery responses are not, in fact, the "full and complete" responses ordered by the Court.

The Court has reviewed Plaintiff's amended responses to Interrogatory Nos. 1 through 3 and Request for Production Nos. 7 and 16, which are the discovery responses at issue. None of them are "full and complete" as the Court ordered. Indeed, her amended responses to this discovery include multiple objections. Plaintiff did not respond to the Motion to Compel, which would have provided her with an opportunity to explain the basis for her objections. Having failed to do so, her objections are now untimely and her amended responses are not the full and complete responses that she was ordered to provide. Moreover, she has offered no explanation for her failure to comply with multiple Court's orders.

Therefore, the Court agrees that pursuant to Rule 37(b)(2)(C), sanctions are appropriately imposed. The Court declines, however, to order dismissal as a sanction as it concludes that less severe sanctions are appropriate here. Plaintiff has produced some information and documents during discovery; she made initial disclosures and responded to other discovery requests of WireCo. Moreover, given the nature of her amended responses, the Court declines to strike them as WIreCo has not sustained any undue prejudice. However, with respect to Interrogatory Nos. 1 through 3 and Request for Production Nos. 7 and 16, Plaintiff is now committed to the responses that she has given. Therefore, as to this discovery, she will be precluded from offering any additional testimony, evidence or documents beyond the information set forth therein. In addition, she must pay all reasonable attorneys' fees incurred by WireCo in connection with its attempts to communicate with Plaintiff's counsel on this issue and its preparation of the motions and briefs that were necessary in order to resolve this issue.

Therefore, it is ORDERED that:

1. Plaintiff and her counsel shall pay the reasonable attorneys' fees and expenses incurred by WireCo in connection with its efforts to obtain the discovery at issue;

2. WireCo shall submit a motion for attorneys' fees and costs that it incurred in its efforts to obtain responses to the relevant discovery by September 11, 2020.

3. Plaintiff is precluded from offering any additional documents, testimony or evidence against WireCo, either in connection with a dispositive motion or at trial, that would be responsive to Interrogatory Nos. 1, 2 and 3 and Request for Production Nos. 7 and 16 beyond the information and/or documents that were provided in Plaintiff's Amended Responses which are attached as Exhibit A to her Response (ECF No. 142) to WireCo's Motion to Dismiss.

**SO ORDERED** this 28th day of August, 2020.

_____
PATRICIA L. DODGE
United States Magistrate Judge